IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DARLA DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00927-Y-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Deputy Commissioner for Operations, § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Darla Davis ("Davis") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that Senior United States District Judge Terry R. Means **AFFIRM** the Commissioner's decision.

**FINDINGS AND CONCLUSIONS**

**I.    STATEMENT OF THE CASE**

Davis filed an application for disability benefits on April 3, 2015. Tr. 11. She alleged a disability onset date of January 1, 2011. *Id.* Davis originally alleged limiting conditions of post-traumatic stress disorder, broken right foot with possible nerve damage, stent in left kidney, fibromyalgia, "corrated artery," and migraines. Tr. 299. The Commissioner initially denied her application for benefits on October 1, 2015, and upon reconsideration on March 23, 2016. Tr. 11. Davis requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held

before Judge Brock Cima in Fort Worth, Texas, on November 7, 2016. Tr. 11, 31. Counsel represented Davis at the hearing. Tr. 11. Vocational Expert ("VE") Shelly K. Eike testified at the hearing. *Id.* The ALJ issued his decision on November 7, 2016, finding that Davis was not entitled to disability benefits. Tr. 31.

In his decision, the ALJ employed the statutory five-step analysis. At step one, he found that Davis had not engaged in substantial gainful activity since January 1, 2011, the alleged disability onset date, with the exception of 2015. Tr. 13, Finding 2. At step two, the ALJ found that Davis had the severe impairments of degenerative disk disease of the lumbar spine; right foot disorder, status-post surgery; plantar fasciitis; carpal tunnel syndrome; fibromyalgia; depression; and post-traumatic stress disorder. Tr. 13, Finding 3. At step three, the ALJ found that Davis's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. 404(P)(1). Tr. 20, Finding 5. The ALJ therefore determined that Davis had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). Tr. 21, Finding 6.

At step four, the ALJ found that Davis was capable of performing her past relevant work as a delivery service pricer, as it is customarily performed in the national economy, because that work does not require performance of any activities that would be precluded by Davis's RFC. Tr. 29, Finding 7. The ALJ also made alternative findings, relevant to step five, that there were other jobs that exist in the national economy that Davis could perform: small products inspector, small products assembler, and hand sorter. Tr. 30. The ALJ found that Davis was not under a disability at any time through the date of his decision on November 7, 2016. Tr. 31, Finding 8.

The Appeals Council denied Davis's request for review on September 29, 2017. Tr. 1–6. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the

Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II.   FACTUAL BACKGROUND

Davis was born on August 26, 1964, and was fifty-one years old at the time of the hearing. Tr. 273, 299. The highest grade of schooling she completed was some college. Tr. 274–75. Her past work included work as a pricer or delivery service provider, a medical secretary, and a small business operator. Tr. 275–80, 293.

## III.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to gain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three, disability exists if the impairment or combination of impairments meets or equals an impairment

listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite [her] physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is

present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

## IV.   ANALYSIS

Davis raises no legal arguments or challenges to the ALJ's decision in her brief in support of summary judgment. ECF No. 18. Instead, she summarizes the medical evidence and gives her own sequential evaluation of disability. *Id.* "[T]he Court, construing her pleading liberally, will treat her motion as one challenging the ALJ's ultimate determination that she is not disabled. Because plaintiff does not challenge any specific finding of the ALJ, the Court will address his main findings to determine whether they are supported by substantial evidence." *Addison v. Soc. Sec. Admin.*, CIV.A. 14-1480, 2015 WL 4635456, at *4 (E.D. La. Aug. 3, 2015). The undersigned will additionally consider Davis's own sequential evaluation of disability as it compares to the ALJ's opinion.

At step one, the ALJ considered whether Davis engaged in substantial gainful activity. Tr. 13. Davis maintains that she was unsuccessful in finding gainful employment over the past six years. ECF No. 18 at 3. Similarly, the ALJ found, considering Davis's self-reporting of income, that she was just under the threshold for substantial gainful activity in all years except 2015, when she was just over the threshold. Tr. 13. The ALJ did not rule against her at step one, and his findings are supported by substantial evidence in the record.

At step two, the ALJ determined Davis's severe impairments. Tr. 13. Davis argues that her severe impairments are carpal tunnel syndrome, regenerative joint disease, fibromyalgia, migraines, neuropathy, post-traumatic stress disorder, major depressive disorder, anxiety, and depression. ECF No. 18 at 3. The ALJ extensively analyzed all the medical evidence of record and

found that Davis had a similar set of severe impairments: carpal tunnel syndrome; fibromyalgia; degenerative disk disease of the lumbar spine; right foot disorder, status-post surgery; plantar fasciitis; post-traumatic stress disorder; and depression. Tr. 13, Finding 3. While the ALJ did not explicitly note migraines and neuropathy as severe impairments, he analyzed treatment and testing for her migraines and neuropathy during his extensive analysis of her fibromyalgia and foot problems. Tr. 14–17. The ALJ's analysis of the severity of Davis's impairments is well-founded in the record, supported by substantial evidence, and not materially different from the list that Davis herself sets out in her brief. Tr. 13–18; ECF No. 18 at 3.

Regarding step three, Davis states in her brief that her impairments of clinical depression, post-traumatic stress disorder, somatoform disorders, and fibromyalgia "arguably meet the SSA Blue Book definition." ECF No. 18 at 3. She does not, however, make any argument as to how any of these impairments satisfy the Blue Book definitions, though she directs the Court's attention to parts of the record that discuss these disorders. *Id.* The listing of impairments in the Blue Book "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing *any gainful activity*, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925 (emphasis added). Davis's own self-reported income statement shows that she was able to engage in gainful activity—indeed, for the five years reported, she almost reached or exceeded the threshold for substantial gainful activity. Tr. 13. Thus the ALJ did not err in finding that she did not have an impairment that met or medically equaled the severity of one of the listed impairments in the Blue Book. Tr. 20.

Davis does not argue against the ALJ's RFC of light work. *See* ECF No. 18. Nevertheless, the undersigned will consider whether substantial evidence supports the ALJ's RFC determination. When coming to his RFC determination, the ALJ considered—in great detail—the evidence of

record, including Davis's self-reported mental and physical abilities, her daily living activities, the opinion evidence of the State Agency medical consultants and psychological consultants (to which he assigned great weight), and the medical evidence of record, which did not demonstrate any severe limitations. Tr. 23–29. In particular, the ALJ noted that emergency room staff found her symptoms to be feigned and that her primary care provider stated that she did not have significantly impaired mobility. Tr. 23. Nor were there any function reports from any of Davis's treating or examining physicians for the ALJ to consider. ECF No. 19 at 8. The ALJ explained how he came to his RFC determination of light work, and how the additional limitations derived from his analysis of the record. Tr. 29. Substantial evidence supports the ALJ's RFC determination.

At step four and five, the ALJ found that Davis could return to her past work as a delivery service provider and could additionally perform other jobs existing in the national economy: small products inspector, small products assembler, and hand sorter. Tr. 30–31. The ALJ found, in accordance with the VE's testimony, that a person with Davis's RFC could perform all these occupations. *Id.* Davis does not argue that her found RFC precludes working these jobs. Instead, Davis argues that her medical ailments would cause severe physical pain if she were to attempt the job of registration representative, which is not a job that the ALJ found she could perform. ECF No. 18 at 3; *see also* Tr. 293–94 (in which the VE testified that the job of registration representative, or medical secretary, was precluded by Davis's RFC). She also argues that she could not perform "even the most sedentary of jobs, not to mention ones that require even a modicum of mental focus or manual dexterity." *Id.* However, the record does not support such an extreme limitation. Substantial evidence supports the ALJ's determination at all steps.

## CONCLUSION

The ALJ followed the correct legal standards in reaching his conclusion, and substantial evidence in the record supports the ALJ's determination, based on the VE's testimony, that Davis was not disabled.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Judge Means AFFIRM the Commissioner's decision.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **July 25, 2018**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed

and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed July 11, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE